UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

STATE OF INDIANA ex rel Attorney )
STEVE CARTER, INDIANA/KENTUCKY )
REGIONAL COUNCIL OF CARPENTERS )
(f/k/a INDIANA REGIONAL COUNCIL OF )
CARPENTERS f/k/a NORTHWEST )
INDIANA DISTRICT COUNCIL OF )
CARPENTERS), DAVID THARP, as ) 1:06-cv-1185-RLY-WTL
Trustee-Chairman, ROBERT HARGATE, )
as Trustee-Secretary, for and on behalf of )
the INDIANA/KENTUCKY REGIONAL )
COUNCIL OF CARPENTERS JOINT ) CASE NO. IP 06-95-MISC
APPRENTICESHIP COMMITTEE f/k/a )
NORTHWEST INDIANA CARPENTERS )
JOINT APPRENTICESHIP COMMITTEE, )
 )
                Plaintiffs, )
 )
   v. )
 )
PAUL HERNANDEZ, )
 )
                Defendant. )

STATE OF INDIANA et al v. HERNANDEZ            Doc. 1

ORDER ON APPLICATION FOR LEAVE TO SUE UNDER 29 U.S.C. § 501

This miscellaneous action has been presented to the undersigned as motions judge. Applicant Indiana/Kentucky Regional Council of Carpenters seeks leave to file an action against a former union official, Paul Hernandez, pursuant to 29 U.S.C. § 501 for breach of his fiduciary duties toward the union's predecessors. The claim pursuant to § 501 is part of a broader action in which the State of Indiana and officers of a joint apprentice committee seek relief against

Mr. Hernandez, who has been indicted on several criminal charges in the Northern District of Indiana.

The applicant seeks leave of court to file the § 501 claim pursuant to a cautious understanding of § 501(b). To set up the issue, § 501(a) provides that union officers and agents act as fiduciaries for the organization and its members. Section 501(b) provides authority for a union member to sue a union official for breach of fiduciary duties, if the union itself has refused or failed to bring such a suit upon request of a member. Section 501(b) provides that such a suit by a member, bypassing the union leadership much as a shareholder derivative action may bypass a corporation's board of directors, requires leave of court upon verified application and for good cause shown. Section 501(c) goes on to provide for criminal penalties for embezzlement of union funds or property.

What is missing from Section 501 is explicit authorization for the union itself to sue an officer or former officer for breach of fiduciary duty. In this court's view, that authority is obviously implicit in Section 501(b)'s provision allowing a member to bring such a suit in the union's place, subject to the statute's additional procedural safeguards to prevent frivolous or harassing suits. There is no apparent reason why Congress might have wanted members' (derivative) suits to be in federal court while unions themselves would need to sue in state court to enforce federal fiduciary duties established under federal § 501(a). See, e.g., *Teamsters, Chauffeurs, Warehousemen, and Helpers, Local 764 v. Greenawalt*,

880 F. Supp. 1076, 1079 (M.D. Pa. 1995) ("There can be no doubt but that the union has the right to bring an action to enforce section 501(a). Section 501(b) itself admits that possibility."); accord, e.g., *International Union of Electronic, Elec., Salaried, Mach. & Furniture Workers, AFL-CIO v. Statham*, 97 F.3d 1416, 1419-21 (11th Cir. 1997) (reversing dismissal of § 501 suit by union itself: "We conclude that it would in fact frustrate congressional intent to relegate the union to state remedies."); *International Longshoremen's Ass'n, Steamship Clerks Local 1624, AFL-CIO v. Virginia International Terminals, Inc.*, 914 F. Supp. 1335, 1340 (E.D. Va. 1996); *Operative Plasterers & Cement Masons v. Benjamin*, 776 F. Supp. 1360, 1363 (N.D. Ind. 1991) (holding union may bring suit under § 501(a)); *In re Johnson*, 139 B.R. 163, 172 (Bankr. E.D. Va. 1992). See generally *Guidry v. Sheet Metal Workers National Pension Fund*, 493 U.S. 365, 374 n.16 (1990) (assuming without deciding that union may invoke the remedial provisions of § 501(b)).[1]

In light of the divided authority on whether unions may sue under § 501, the applicant in this case has taken the cautious approach of at least seeking the

---

[1] For the reasons stated in the opinions cited in the text, the court respectfully disagrees with courts holding that § 501 does not authorize suits by unions. See, e.g., *Building Material and Dump Truck Drivers Local 420 v. Traweek*, 867 F.2d 500, 506-07 (9th Cir. 1989); *Local 15 of Int'l Bhd. of Electrical Workers v. O'Reilly*, 2003 WL 29896 (N.D. Ill. Jan. 2, 2003); *Local 1150 Int'l Bhd. of Teamsters v. Santamaria*, 162 F. Supp. 2d 68, 76-81 (D. Conn. 2001); *International Bhd. of Boilermakers, v. Freeman*, 683 F. Supp. 1190 (N.D. Ill. 1988); *Local 443, Int'l Bhd. of Teamsters v. Pisano*, 753 F. Supp. 434 (D. Conn. 1991); *Safe Workers' Org. Chapter No. 2 v. Ballinger*, 389 F. Supp. 903 (S.D. Ohio 1974). Also, suits asserting violations of the substantive standards in Section 501(a) arise under federal law for purposes of jurisdiction under 28 U.S.C. §§ 1331 & 1337(a). See, e.g., *Statham*, 97 F.3d at 1421.

court approval that § 501(b) requires for suits by union members. The court believes that such leave is not necessary, but the request is understandable and leave is hereby GRANTED. The application shows good cause for allowing suit against Hernandez under § 501 based on the verified allegations of the complaint and the criminal indictment in the Northern District of Indiana. The Clerk of the Court shall file the Complaint lodged with the court and shall assign judicial officers by the usual random method.

So ordered.

Date: August 4, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Brian Salwowski
Office of the Indiana Attorney General
Indiana Government Center South
Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204

Paul T. Berkowitz & Associates
123 West Madison Street
Suite 600
Chicago, Illinois 60602